UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ELSEBETH BAUMGARTNER,  )  3:10CV0678
                                  )
        Petitioner  )  JUDGE DAN AARON POLSTER
                                  )  (Magistrate Judge Kenneth S. McHargh)
        v.  )
                                  )
LaSHAUN EPPINGER,  )
        Warden  )
                                  )
        Respondent  )  REPORT AND RECOMMENDED
                                  )  <u>DECISION OF MAGISTRATE JUDGE</u>

McHARGH, MAG. J.

The petitioner Elsebeth Baumgartner ("Baumgartner") has filed a petition[1]

pro se for a writ of habeas corpus, arising out of her 2007 convictions for felony

fleeing and eluding, and misdemeanor failure to comply, in the Erie County (Ohio)

Court of Common Pleas.  In her petition, Baumgartner sets forth four grounds for

relief:

> 1.  Petitioner's rights under the Due Process and Equal Protection
> Clauses of the 14th Amendment and right to effective counsel under
> the 6th Amendment were violated by the unequal application &
> enforcement of a state procedural rule which arbitrarily denied the
> right of appellate review to petitioner while granting it to others under
> identical or similar circumstances.

---

[1]  Baumgartner actually has three petitions for writ of habeas corpus pending
in this court.  See also Baumgartner v. Shewalter, No. 1:10CV2810 (N.D. Ohio)
(filed Dec. 13, 2010), and Baumgartner v. Shewalter, No. 1:10CV2811 (N.D. Ohio)
(filed Dec. 13, 2010).

2.  The petitioner was deprived of the Fourteenth Amendment rights to due process and equal protection because petitioner's "no contest" plea was not voluntarily, knowingly or freely entered.

3.  Petitioner was deprived of her rights under the 1st, 4th, 5th and 14th Amendments to the U.S. Constitution by a warrantless misdemeanor probation violation arrest for disobeying a transparently invalid order that imposed inconsistent obligations and constituted a prior restraint on speech; and the failure of the trial court to suppress the fruits of the attempted arrest.

4.  Petitioner was deprived of her rights under the First and Fourteenth Amendments to the U.S. Constitution as a result of Erie County Ohio decision to pursue, arrest and prosecute petitioner as a result of or in an attempt to inhibit the exercise of petitioner's rights to freedom of the press, speech, association and petition for redress arising from efforts to obtain an investigation of the county prosecutor for abuse of office.

(Doc. 1, § 12.)

The respondent requested two extensions of time to file the Return of Writ, which were granted, and the Return was timely filed on Sept. 7, 2010.  (Doc. 4, 6, 8.) Baumgartner filed five motions for extension of time to file her Traverse.  (Doc. 9, 14, 19, 29, 31.)  The first three motions were granted, and thus multiple extensions of time to file were granted.  (Doc. 10, 16, 26.)  Various other motions were filed during that time as well.  See generally doc. 21, 24, 25.

When the court granted her third motion for extension of time to file her Traverse, the court noted that it was granting a final extension of time, and that no further extensions would be granted.  (Doc. 26, at 5.)

Nevertheless, Baumgartner filed another (fourth) motion for extension of time.  (Doc. 29.)  Because there had been an objection pending with the District Judge (doc. 28), the court granted a fourth extension of time to file.  (Doc. 30.)

However, the court denied the petitioner's fifth motion for extension of time. (Doc. 31, 34.)  Despite the multiple extensions of time, no Traverse has yet been filed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural background:

In May 2005, appellant was arrested after she fled from police when they attempted to serve a warrant on her for violating the terms of her community control imposed in 2002, following a conviction of one count of falsification.  As a result of that incident, appellant was indicted in June 2005, on one count of failure to comply/fleeing and eluding police in violation of R.C. 2921.331(B) and (C)(5)(a)(ii); one count of failure to comply in violation of R.C. 2921.331(A); one count of resisting arrest in violation of R.C. 2921.33(A), and one count of grand theft of a motor vehicle in violation of R.C. 2913.03.  The charge of grand theft motor vehicle was later dismissed.

The record reflects that in November 2006, during the course of negotiations involving cases pending against appellant in Erie, Cuyahoga and Ottawa Counties, a global settlement was reached which provided, in part, that appellant would file a motion to suppress and/or motion to dismiss the charges in the Erie County case now before us and that, if those motions were denied, she would enter no contest pleas to the charges.  Appellant thereafter filed a motion to suppress evidence obtained as a result of her 2005 arrest and a motion to dismiss the indictment in this case.  In February 2007, a hearing was held on appellant's motions; testimony was heard and exhibits were introduced.  On February 22, 2007, the trial court denied appellant's motions.

In accordance with the extended plea agreement reached in 2006, a hearing was held on March 7, 2007, in the Erie County Court of Common Pleas in order for the court to accept the plea agreement as negotiated.  After what is best described as a lengthy, meticulous and appropriate colloquy between the trial court, appellant, her attorneys and the prosecutor, appellant entered pleas of no contest to the charges of felony fleeing, failure to comply and resisting arrest.  The trial court

accepted the pleas and entered findings of guilty as to felony fleeing
and failure to comply and not guilty as to resisting arrest.  The matter
was continued for sentencing.  However, on April 18, 2007, appellant
filed a motion to vacate her no contest pleas, asserting that they were
not given freely, voluntarily and intelligently.  Appellant asserted that
she was coerced into entering the pleas and that her competency had
been adversely affected at the time because she was denied her
anti-anxiety medication.

On April 23, 2007, the matter was called for sentencing.  At that time,
the trial court indicated that it had considered appellant's motion to
withdraw her pleas, denied the motion and proceeded to sentencing.
The trial court emphasized that it was "fully, completely satisfied that
[appellant], a very educated woman, was competent at the time the
pleas were made, that she understood the nature, the penalties, the
statutes in question * * *."  In its judgment entry filed May 4, 2007,
the trial court again thoroughly explained its reasons for denying
appellant's motion to withdraw her pleas.  The trial court stressed that
it had vigorously adhered to Crim.R. 11 in accepting the pleas on
March 7, 2007, and acknowledged that appellant "is a very bright
person and a former attorney * * *."  The trial court found that
appellant had "knowingly, voluntarily and intelligently waived her
rights and voluntarily entered a plea in accordance with Criminal Rule
11 and Ohio and Federal Law."  The court noted that a hearing was
held on the motion and that it had listened attentively to defense
counsel's argument.  The court concluded that " * * * after considering
the mountain of evidence in this matter against this defendant * * *
there is no clear defense for her * * *."

(Doc. 8, RX 44, at 2-4; State v. Baumgartner, No. E-07-034, 2008 WL 4823355, at *1

(Ohio Ct. App. Nov. 7, 2008).)

Baumgartner filed an appeal of the trial court's denial of her motion to

withdraw her plea of no contest.  Baumgartner presented the following three

assignments of error:

1. The trial court committed reversible error in violation of the First,
Fourth and Fourteenth Amendments to the United States Constitution
and Article I, Sections 2, 3, 11 and 14 of the Ohio Constitution when it
failed to suppress evidence obtained from the unconstitutional arrest of
the defendant-appellant.

2. The lower court erred when it failed to dismiss the indictment based upon selective prosecution in violation of the First and Fourteenth Amendments to the United States Constitution and Article I, Sections 2 and 11 of the Ohio Constitution.

3. The defendant-appellant's no contest pleas were not freely, voluntarily and intelligently given and the pleas were accepted in violation of Rule 11 of the Ohio Rules of Criminal Procedure and the Fourteenth Amendment to the United States Constitution.

(Doc. 8, RX 41.)  On Nov. 7, 2008, the court of appeals affirmed the judgment of the

trial court.  (Doc. 8, RX 44; Baumgartner, 2008 WL 4823355.)

Baumgartner appealed this decision to the Supreme Court of Ohio, setting

forth the following propositions of law:

1. A party's reference, in his notice of appeal, to a trial court's final judgment on the merits of a case, preserves for appellate review under Ohio App.R. 3(d) all of the trial court's prior interlocutory orders.

2. Ohio App. R. 3(d), by requiring criminal defendants to list all of the challenged interlocutory orders which precede the final judgment of conviction and sentence in the notice of appeal, in order to preserve them for review, is unconstitutional because it denies the defendants their right to effective assistance of counsel under Sixth and Fourteenth Amendments to the United States Constitution, along with Article 1, Sections 10 and 16 of the Ohio Constitution.

3. The unequal application and enforcement of a state procedural rule which results in arbitrarily denying the right of appellate review to one criminal defendant, while granting it to others under identical or similar circumstances, violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and Article I, Sections 2 and 16 of the Ohio Constitution.

4. A court order which prohibits a probationer from accusing a private citizen or corporate entity of any type of "misconduct or suspicion of misconduct," criminal or otherwise, and which also requires the surrender of one's right not to incriminate oneself by requiring the disclosure of one's beliefs that others are committing "misconduct," is transparently invalid, so that an attempted warrantless arrest for violating such order is unlawful, and the fruits of any such attempted arrest therefore must be suppressed under the First, Fourth, Fifth and

Fourteenth Amendments to the United States Constitution, and Article I, Sections 2, 3, 10, 11 and 14 of the Ohio Constitution.

5. A state may not pursue, arrest, or prosecute a citizen based upon an unlawful prohibition of the exercise of his or her constitutional rights or because of the content of a citizen's past speech and/or expressive activity, as such pursuits, arrests and prosecutions violated the First and Fourteenth Amendments to the United States Constitution and Article I, Sections 2 and 11 of the Ohio Constitution.

6. A court may not accept a criminal defendant's no contest pleas and must permit pre-sentence withdrawal of them, where, inter alia, the accused informs the court during the Crim. Rule 11 colloquy that, 1) she has received death threats in an attempt to induce her pleas; 2) she does not understand how her conduct constitutes the crimes with which she is charged; 3) she is dissatisfied with her counsel, and where other factors indicate the plea was not knowingly, voluntarily and/or intelligently made as required by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

(Doc. 8, RX 46.)  On March 25, 2009, the Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 8, RX 48; State v. Baumgartner, 121 Ohio St.3d 1428, 903 N.E.2d 326 (2009).)

Meanwhile, Baumgartner had filed a motion for reconsideration, and a motion to certify a conflict, in the court of appeals, on Nov. 13, 2008.  (Doc. 8, RX 49, 50.)  The court of appeals denied both on Dec. 16, 2008.  (Doc. 8, RX 51.)

Finally, on Feb. 5, 2009, Baumgartner filed a pro se application for reopening under Ohio App. R. 26(B).  Baumgartner argued that appellate counsel was ineffective for failing to raise the following issue:  "The trial court committed reversible error in violation of [Ohio Rev. Code §] 2953.08(G)(2) by entering a sentence that is clearly and convincingly contrary to law."  (Doc. 8, RX 52.)

Baumgartner also indicated an intention to file a second assignment of error.  Id. at

[7].  The court of appeals denied her application on Mar. 4, 2009.  (Doc. 8, RX 54.)

Baumgartner did not appeal this decision to the state high court.


## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal

courts must apply when considering applications for a writ of habeas corpus.  Under

the AEDPA, federal courts have limited power to issue a writ of habeas corpus with

respect to any claim which was adjudicated on the merits by a state court.  The

Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied -- the state-court adjudication resulted in a
> decision that (1) "was contrary to ... clearly established Federal law, as
> determined by the Supreme Court of the United States," or (2)
> "involved an unreasonable application of ... clearly established Federal
> law, as determined by the Supreme Court of the United States."
> Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by this Court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable
> facts.  Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291

F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court

precedent "if the state court applies a rule that contradicts the governing law set

forth in [Supreme Court] cases." Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Baumgartner has filed her petition pro se.  The pleadings of a petition drafted by a pro se litigant[2] are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III.  OHIO APPELLATE RULE 3(D)

The first ground of the petition is:

Petitioner's rights under the Due Process and Equal Protection Clauses of the 14th Amendment and right to effective counsel under the 6th Amendment were violated by the unequal application & enforcement of a state procedural rule which arbitrarily denied the

---

[2]  The court notes, however, that petitioner Baumgartner is a former attorney.  See generally Office of Disciplinary Counsel v. Baumgartner, 100 Ohio St.3d 41, 796 N.E.2d 495 (2003) (permanently disbarred).

right of appellate review to petitioner while granting it to others under identical or similar circumstances.

(Doc. 1, § 12.)  Because this claim related to the grounds on which her direct appeal was denied, the first opportunity that Baumgartner had to bring this claim before the state courts was in her appeal to the Supreme Court of Ohio.

The state court of appeals had stated:  "As her first and second assignments of error, appellant argues that the trial court erred by denying her motion to suppress evidence obtained as a result of her arrest and her motion to dismiss the indictment. "  (Doc. 8, RX 44, at 4-5; Baumgartner, 2008 WL 4823355, at *2.)  The court determined that the first two assignments of error were not properly before the court, because there was no specific reference in her notice of appeal to the denials of the motion to dismiss the indictment, or the motion to suppress.  Id.  The court ruled that Ohio App. Rule 3(D) required designation of the "judgment, order or part thereof appealed from," otherwise the court lacked jurisdiction to review a judgment or order not so designated.  Id.  Because the notice of appeal designated only the May 4, 2007, judgment (see doc. 8, RX 40), which was the decision to deny her motion to withdraw the no contest pleas, the court found that Baumgartner's brief on appeal  had "raised issues outside the scope of this appeal."  Id.  Although she raised the issue on appeal to the Supreme Court of Ohio, the state supreme court did not rule on her claim (doc. 8, RX 48), thus the appellate decision is the last reasoned judgment.

The respondent argues that the habeas claim should be denied on the merits, because Baumgartner cannot demonstrate that the state court decision "was the

result of an intentional act of discrimination, rather than a mere error in reasoning." (Doc. 8, at 29-30.)

Ohio Appellate Rule 3(D), governing the content of the notice of appeal, reads as follows:

> The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof apealed [sic] from; and shall name the court to which the appeal is taken. The title of the case shall be the same as in the trial court with the designation of the appellant added, as appropriate. Form 1 in the Appendix of Forms is a suggested form of a notice of appeal.

Ohio App. Rule 3(D). The plain language of the rule could support the reading given to it by the state court of appeals here. The state court cited other decisions in support which interpreted the rule's requirements in a similar way. See, e.g., State v. Collier, No. 20131, 2005 WL 78548, at *3-*4 (Ohio Ct. App. Jan. 14, 2005) (citing Slone v. Bd. of Embalmers & Funeral Directors of Ohio, 123 Ohio App.3d 545, 548, 704 N.E.2d 633 (1997)) (appellate court without jurisdiction to review judgment or order not designated in notice of appeal); see also In re B. Children, No. 2007-06-077, 2008 WL 282155, at *2-*3 (Ohio Ct. App. Feb. 4, 2008); Parks v. Baltimore & Ohio RR, 77 Ohio App.3d 426, 428, 602 N.E.2d 674, 676 (Ohio Ct. App. 1991) (without jurisdiction to review judgment or order not designated in notice of appeal).

In her brief in support to state supreme court, Baumgartner asserted that other state courts of appeals did not apply Rule 3(D) in the same restrictive manner. (Doc. 8, RX 46, at 9.) Some courts have ruled that "appellant need not refer to every interlocutory order he wishes to challenge," because interlocutory

orders are merged into the final judgment and can be appealed as part of the final judgment.  Siemaszko v. FirstEnergy Nuclear Operating Co., 187 Ohio App.3d 437, 440-441, 932 N.E.2d 414, 416 - 417 (Ohio Ct. App. 2010) (citing cases).  Other state courts have found, for example, that "an appeal from the final judgment includes all interlocutory orders merged with it."  Grover v. Bartsch, 170 Ohio App.3d 188, 193, 866 N.E.2d 547, 551 (Ohio Ct. App. 2006).

Baumgartner argues that this inconsistent application of Ohio App. Rule 3(D) resulted in a denial of her rights under the Due Process and Equal Protection Clauses.  The state court ruling was based on state law.  (Doc. 8, RX 44, at 4-5; Baumgartner, 2008 WL 4823355, at *2.)   In her habeas petition, she does not identify clearly established federal law, as determined by the Supreme Court of the United States, which would support a finding that the state court's ruling was contrary to clearly established federal law.  See generally doc. 1, at pp. 5(a)-5(b).

The Supreme Court has stated many times that "federal habeas corpus relief does not lie for errors of state law."  Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citing Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).  It is not the province of this federal habeas court to reexamine state court determinations on state law questions.  Id. at 67-68.

Even if the state court had misapplied App. Rule 3(D), "[a] state's misapplication of its own laws does not provide a basis for granting a federal writ of habeas corpus."  Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011).  Habeas relief would lie only for a state court's failure to follow its own rules where the

failure constitutes a violation of due process.  Smith v. Anderson,  632 F.3d 277, 281 (6th Cir. 2011).

As mentioned, in her petition Baumgartner does not identify clearly established federal law, as determined by the U.S. Supreme Court, which would support a finding that the state court's ruling was violative of due process, or the Equal Protection Clause.  See generally doc. 1, at pp. 5(a)-5(b).

The Supreme Court cases which Baumgartner cited in her appeal to the state high court are not on point, and only support general principles.  See generally doc. 8, RX 46, at 10.  In Sioux City Bridge, for example, the Supreme Court recognized an equal protection claim where a taxpayer's property was assessed at 100% of its value while all others were assessed at 55%, without the government articulating any  justification to support the disparate assessments.  Sioux City Bridge Co. v. Dakota County, Neb., 260 U.S. 441, 441-442 (1923).  This case does not support Baumgartner's claim, as the state court supported its interpretation of Rule 3(D) with case authority.

The Willowbrook case concerned differing easements, and recognized that the Equal Protection Clause can give rise to a "class of one" in certain circumstances.  Village of Willowbrook v. Olech, 528 U.S. 562, 564-565 (2000).  The Sixth Circuit has provided guidance as to the requisite circumstances for a "class of one":

> To present a class of one claim a plaintiff must demonstrate that he
> has been intentionally treated differently from others who are
> similarly situated and that there is no rational basis for the difference
> in treatment.  Where a plaintiff succeeds in identifying
> similarly-situated individuals, plaintiff must also (1) refute every
> conceivable basis that might support the government action, or (2)

demonstrate that the challenged action was motivated by animus or ill-will.

Benjamin v. Brachman, No. 05-4659, 2007 WL 2264513, at *21 (6th Cir. Aug. 8, 2007).  Where the state court supported its interpretation of Rule 3(D) with other state court decisions, Baumgartner would be unable to "refute every conceivable basis that might support" the court's ruling, and she does not allege that the court's ruling was motivated by animus or ill-will.

In Halbert v. Michigan, the Court ruled that "the Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals." Halbert v. Michigan, 545 U.S. 605, 610 (2005).  That case does not aid Baumgartner's specific argument here.

The petition should not be granted on the basis of the first ground because Baumgartner has not demonstrated that the state court's ruling was contrary to clearly established federal law.


## IV.  NO CONTEST PLEA

The second ground of the petition is:  "The petitioner was deprived of the Fourteenth Amendment rights to due process and equal protection because petitioner's 'no contest' plea was not voluntarily, knowingly or freely entered."

The respondent argues that the state court's finding that Baumgartner' s pleas was knowing and voluntary should be adopted by this court.  (Doc. 8, at 21-25.)

The state court of appeals ruled on this issue as follows:

Crim.R. 32.1 allows an offender to file a motion to withdraw a guilty plea prior to sentencing.  The general rule is that a presentence motion to withdraw a guilty plea is "treated with liberality." State v. Xie (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715, quoting Barker v. United States (C.A. 10, 1978), 579 F.2d 1219, 1223.  Nevertheless, because an offender has no absolute right to withdraw his or her guilty plea prior to sentencing, the final decision is "still within the sound discretion of the trial court." Xie at 527, 584 N.E.2d 715.  Accordingly, a trial court must conduct a hearing to determine whether there is a "reasonable and legitimate basis for the withdrawal of the plea." Id. In order for this court to find that the trial court abused its discretion, we must conclude that the court's ruling was unreasonable, arbitrary or unconscionable.  Id.

It is well-established that in reviewing a trial court's decision regarding a motion to withdraw a plea, we are required to weigh a number of non-exhaustive factors. State v. Eversole, 6th Dist. Nos. E-05-073, E-05-076, E-05-074, E-05-075, 2006-Ohio3988, ¶ 13 (Citation omitted.).  These factors include: (1) whether the prosecution would be prejudiced if the plea were vacated; (2) whether the offender was represented by highly competent counsel; (3) the extent of the Crim.R. 11 hearing; (4) whether there was a full hearing on the motion to withdraw the offender's guilty plea; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties and (9) whether the accused was perhaps not guilty or had a complete defense to the crime.  State v. Fish (1995), 104 Ohio App.3d 236, 240, 661 N.E.2d 788.

As to the first factor, we find that the prosecution clearly would have been prejudiced to a certain extent if the plea were vacated.  Appellant's case had been pending since 2005, and if the plea were vacated the state would have been forced to go to trial with witnesses testifying to an event that occurred well over two years earlier.  As to the second factor, a review of the transcript of the plea hearing indicates that appellant was represented by competent counsel.  In fact, appellant appeared at the plea hearing with two attorneys arguing her case.  The trial court noted during the hearing that her attorneys had argued very strongly on her behalf.

We next turn to whether appellant was afforded a full Crim.R. 11 hearing. The record indicates that the trial court conducted a full hearing before accepting appellant's pleas.  All counsel and appellant were afforded numerous opportunities to speak.  At the outset of the hearing, appellant stated that she had not been given an opportunity to see the potential plea agreement in writing.  Because of this claim, the trial court went to great lengths to outline the plea agreement and question appellant as to her understanding of it.  After appellant spoke at length about various concerns related to her case, the prosecutor reviewed in detail the terms of the plea agreement, reminding appellant and the court that the agreement had been negotiated with appellant in November 2006.  The prosecutor reviewed the offenses to which appellant would plead no contest, the agreement that any sentence would run concurrent with the sentence in her Cuyahoga case, and the agreement that the matter would be referred for a presentence investigation. Appellant's counsel indicated that the prosecutor's statement of the plea agreement was acceptable to him and to his client.  The trial court then proceeded to a full Crim.R. 11 colloquy with appellant.  The court reviewed in great detail the nature of the pleas as tendered, possible maximum sentences and fines, and community control conditions; when asked, appellant indicated that she understood. Appellant also stated that she understood the constitutional rights which she was waiving by entering her pleas. Finally, appellant responded that she knowingly, intelligently and voluntarily entered the pleas.  After the written plea form was executed by the prosecutor and defense counsel, the trial court asked appellant if she had any questions about anything that had taken place in court during the hearing; appellant responded that she did not.

As to factors four, five, six and seven, it is clear from the record that a full hearing was held on the motion to withdraw the pleas, that the motion was made within a reasonable time and set forth specific reasons for the withdrawal, and that the trial court gave full and fair consideration to appellant's motion.  As to the eighth factor, based on our summary above of the plea hearing and appellant's responses to the trial court's inquiry, we find that appellant understood the nature of the charges and possible penalties.  At the hearing on appellant's motion to withdraw her pleas, she argued that she did not know any of the details of the agreement prior to the hearing.  That claim is questionable at best, since appellant was present at the November 2006 hearing at which her extended plea agreement was negotiated. Nevertheless, it is clear from the record, as summarized above, that as the plea hearing progressed, appellant gained an understanding of the details and entered her pleas knowingly, intelligently and voluntarily.

Finally, as to the ninth factor, we find that the trial court considered the state's evidence against appellant and her possible defenses.  In its judgment entry denying the motion to withdraw, the trial court stated that " * * * after considering the mountain of evidence in this matter against this defendant this court finds that there is no clear defense for her in this matter."

After reviewing all of the above factors, we find that the trial court did not abuse its discretion in denying appellant's motion to withdraw her guilty pleas.

(Doc. 8, RX 44, at 6-9; Baumgartner, 2008 WL 4823355, at *3-*4.)

Under Ohio law, appellate review of a motion to withdraw a guilty plea is limited to whether the trial court abused its discretion.  This habeas court lacks authority to adjudicate a claim that the state court abused its discretion by denying a motion to withdraw a guilty plea.  Xie v. Edwards, 35 F.3d 567, 1994 WL 462143, at *2 (6th Cir. Aug. 25, 1994) (TABLE, text in WESTLAW) (whether trial court abused discretion in denying motion to withdraw plea is question of state law); Artiaga v. Money, No. 3:04CV7121, 2007 WL 928640, at *2 (N.D. Ohio Mar. 27, 2007).  Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio Criminal Rule 32.1 is not properly before this court.  Lewis, 497 U.S. at 780; Akemon v. Brunsman, No. C-1-06-166, 2007 WL 2891012, at *12 (S.D. Ohio Sept. 28, 2007).

The state court based its ruling on state law.  The question before this federal habeas court is whether the state court decision was contrary to clearly established federal law, as determined by the Supreme Court of the United States.

The Supreme Court has ruled that a plea which was made voluntarily, knowingly, and intelligently is constitutionally valid.  North Carolina v. Alford, 400

U.S. 25, 31 (1970); Brady v. United States, 397 U.S. 742 (1970); Carethers v.
Wolfenbarger, No. 09-1310, 2011 WL 43431, at *2 (6th Cir. Jan. 7, 2011) (citing
Brady, 397 U.S. 742); Bonior v. Conerly, No. 10-1353, 2010 WL 4810209, at *3 (6th
Cir. Nov. 17, 2010) (per curiam) (citing Boykin v. Alabama, 395 U.S. 238 (1969)).
Where there is a due process challenge to a plea on habeas review, the Sixth Circuit
has instructed that pleas "not only must be voluntary but must be knowing,
intelligent acts done with sufficient awareness of the relevant circumstances and
likely consequences." Wright v. Lafler, No. 05-2571, 2007 WL 2566042, at *3 (6th
Cir. Sept. 5, 2007), cert. denied, 553 U.S. 1069 (2008) (quoting Brady, 397 U.S. at
748).

> The respondent has submitted both the written plea agreement (doc. 8, RX
35), and the transcript of the plea hearing (doc. 8, RX 59).  The court has reviewed
both.  The Sixth Circuit has stated:

> > A state court's determination that a guilty plea was valid is a factual
> > finding entitled to a presumption of correctness on federal habeas
> > review, rebuttable only by clear and convincing evidence.  Garcia v.
> > Johnson, 991 F.2d 324, 326 (6th Cir.1993); see also 28 U.S.C. §
> > 2254(e)(1).  When a defendant brings a federal habeas petition
> > challenging his plea, the state generally satisfies its burden by
> > producing a transcript of the state court proceeding. Garcia, 991 F.2d
> > at 326.  However, when the transcript is inadequate to demonstrate
> > that a plea was voluntary and intelligent, the presumption of
> > correctness no longer applies. Id. at 327.

Wright, 2007 WL 2566042, at *3.  After reviewing the transcript, the court finds the
transcript is adequate to demonstrate that Baumgartner's plea was voluntary and
intelligent.  Although the plea hearing was contentious, this court also takes into

account the petitioner's legal education as a former attorney in agreeing that her plea was knowingly and intelligently made.

The trial court explained the charges to Baumgartner, as well as the possible consequences of her plea.  (Doc. 8, RX 59, at 32-34.)  The court advised Baumgartner of her constitutional rights to a jury trial, compulsory witnesses, cross-examination, and the requirement of a finding of guilt beyond a reasonable doubt.  Baumgartner acknowledged that she was waiving those rights.  Id. at 40-41, 45-46.  The court explained her rights to an appeal under state law.  Id. at 42. Having advised Baumgartner of her constitutional rights, and finding that she waived them, the court accepted her plea as voluntarily, knowingly, and intelligently made.  (Doc. 8, RX 59, at 52-53.)  Baumgartner has failed to rebut, by clear and convincing evidence, the presumption of correctness of the state court's finding.

The petition should not be granted on the basis of the second ground because Baumgartner has not demonstrated that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law.


## V.  MOTION TO SUPPRESS

The third ground of the petition is:

Petitioner was deprived of her rights under the 1st, 4th, 5th and 14th Amendments to the U.S. Constitution by a warrantless misdemeanor probation violation arrest for disobeying a transparently invalid order that imposed inconsistent obligations and constituted a prior restraint on speech; and the failure of the trial court to suppress the fruits of the attempted arrest.

(Doc. 1, § 12.)  The fourth ground of the petition reads:

> Petitioner was deprived of her rights under the First and Fourteenth
> Amendments to the U.S. Constitution as a result of Erie County Ohio
> decision to pursue, arrest and prosecute petitioner as a result of or in
> an attempt to inhibit the exercise of petitioner's rights to freedom of
> the press, speech, association and petition for redress arising from
> efforts to obtain an investigation of the county prosecutor for abuse of
> office.

(Doc. 1, § 12.)

The respondent contends that Baumgartner raised these issues together as
her first assignment of error on direct appeal:

> The trial court committed reversible error in violation of the First,
> Fourth and Fourteenth Amendments to the United States Constitution
> and Article I, Sections 2, 3, 11 and 14 of the Ohio Constitution when it
> failed to suppress evidence obtained from the unconstitutional arrest of
> the defendant-appellant.

(Doc. 8, RX 41.)  The court of appeals did not address this assignment of error,
because it found that it was not properly before the court, pursuant to Ohio App.
Rule 3(D) (as discussed earlier).  (Doc. 8, RX 44, at 5; Baumgartner, 2008 WL
4823355, at *2.)

The United States Supreme Court held in Stone v. Powell that "where the
State has provided an opportunity for full and fair litigation of a Fourth
Amendment claim, a state prisoner may not be granted federal habeas corpus relief
on the ground that evidence obtained in an unconstitutional search or seizure was
introduced at his trial."  Abdul-Mateen v. Hofbauer, 215 F.3d 1325, 2000 WL
687653, at *3 (6th Cir. 2000) (TABLE, text in WESTLAW), cert. denied, 531 U.S.
933 (2000) (quoting Stone v. Powell, 428 U.S. 465, 494 (1976)); Moore v. Wilson, No.
5:07CV0537, 2008 WL 3852141, at *3 (N.D. Ohio Aug. 18, 2008).  Although Stone

predates the AEDPA, it continues to govern Fourth Amendment habeas claims. Smith v. Bradshaw, No. 5:04CV1235, 2006 WL 2233211, at *4 (N.D. Ohio Aug. 3, 2006).

In applying Stone, the district court considers two factors. Riley v. Gray, 674 F.2d 522, 526 (6th Cir.), cert. denied, 459 U.S. 948 (1982). First, does the state provide a procedure which gives the petitioner an opportunity to raise a Fourth Amendment claim? The Sixth Circuit has ruled that Ohio's procedures are adequate in this regard. Riley, 674 F.2d at 526; see also Moore, 2008 WL 3852141, at *7 (citing Riley); Smith, 2006 WL 2233211, at *4. Ohio Criminal Rule 12 provides an opportunity to raise Fourth Amendment claims through a pretrial motion to suppress. Riley, 674 F.2d at 526. A criminal defendant who has unsuccessfully moved to suppress has the opportunity to take a direct appeal of that order. Id.

Here, Baumgartner's plea of no contest did not preclude her, under state law, from asserting on appeal that the trial court erred in ruling on her pretrial motion to suppress evidence. Mansfield v. Smith, No. 1:09CV0082, 2010 WL 5644672, at *5 (N.D. Ohio Dec. 2, 2010); State v. Luna, 2 Ohio St.3d 57, 58, 442 N.E.2d 1284, 1286 (1982); Ohio Crim. Rule 12(I).

The second factor is whether presentation of the Fourth Amendment claim was frustrated because of a failure of the state's procedures. Riley, 674 F.2d at 526; Smith, 2006 WL 2233211, at *3. This inquiry is "not meant to be a case by case review of state court determinations." Abdul-Mateen, 2000 WL 687653, at *3. The Southern District of Ohio recently noted:

> Courts have consistently held that the "relevant inquiry" in resolving the second question posed in Riley is whether the "habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided" by the state courts.

Graham v. Warden, Chillicothe Corr. Inst., No. 1:10CV616, 2011 WL 3941615, at *6 (S.D. Ohio July 22, 2011); see also Abdul-Mateen, 2000 WL 687653, at *3 (inquiry is review of whether state provided adequate mechanism to address Fourth Amendment claims).  An independent and adequate state procedural ground may legitimately serve to frustrate a petitioner's opportunity to raise a Fourth Amendment claim.  Riley, 674 F.2d at 526 n.3.

Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, federal habeas corpus relief may not be granted.  Stone, 428 U.S. at 494; Abdul-Mateen, 2000 WL 687653, at *3; Riley, 674 F.2d at 526. Here, although Ohio has provided an opportunity for full and fair litigation of a Fourth Amendment claim, Baumgartner was unable to fully benefit from that procedure.  She filed a motion to suppress (doc. 8, RX 31), had a hearing on that motion (doc. 8, RX 34), and had recourse to appellate review.  However, her notice of appeal concerning her Fourth Amendment claim was deemed insufficient by the state court of appeals.  (Doc. 8, RX 44, at 4-5; Baumgartner, 2008 WL 4823355, at *2.)  The  presentation of her Fourth Amendment claim was not frustrated because of a failure of the state's procedures, but rather through her failure to comply with the state's procedural rules.  See Lenza v. Wyrick, 665 F.2d 804, 808-809 (8th Cir. 1981) (citing cases) (petitioner afforded opportunity to raise Fourth Amendment

claim; appellate court refusal to examine claim on merits justified by state procedural rules); Riley, 674 F.2d at 526 n.3.

Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, federal habeas corpus relief may not be granted.  Stone, 428 U.S. at 494;  Abdul-Mateen, 2000 WL 687653, at *3; Riley, 674 F.2d at 526. Baumgartner had the opportunity to receive a full and fair review, thus she is not eligible for habeas relief on her Fourth Amendment claims.  The petition should not be granted on the basis of the third or fourth grounds.


# VI.  OTHER CLAIMS

To the extent that the third or fourth grounds of the petition may be read to raise other claims, such as a First Amendment claim, or a claim for an improper warrantless arrest, those claims were not properly presented to the state courts. See generally doc. 8, RX 41 (assignments of error on direct appeal).

A habeas petitioner cannot obtain relief unless she has completely exhausted her available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's

claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).  Where the petitioner failed to properly present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim.  Adams v. Bradshaw, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing Buell, 274 F.3d at 349).

Baumgartner failed to properly exhaust these claims by raising them on direct appeal.  Because the claims were not raised, they are barred by the Ohio rule of res judicata.  Lott v. Coyle, 261 F.3d 594, 611-612 (6th Cir. 2001), cert. denied, 534 U.S. 1147 (2002); Rust, 17 F.3d at 160-161; State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9).  Res judicata would bar Ramsey from litigating an issue that could have been raised on direct appeal.  Perry, 10 Ohio St.2d at 180, 226 N.E.2d at 108.

Baumgartner cannot return to state court to exhaust these claims because the Ohio Supreme Court has ruled that arguments that could have been raised in an initial appeal (and were not) will be barred from consideration on appeal following remand, under the doctrine of res judicata.  State v. Hutton, 100 Ohio St.3d 176, 182, 797 N.E.2d 948, 956 (2003); State v. Gillard, 78 Ohio St.3d 548, 549, 679 N.E.2d 276 (1997), cert. denied, 523 U.S. 1108 (1998).

## VII.  SUMMARY

The petition for a writ of habeas corpus should be denied.

The petition should not be granted on the basis of the first ground because Baumgartner has not demonstrated that the state court's ruling concerning Ohio Appellate Rule 3(D) was contrary to clearly established federal law.

The petition should not be granted on the basis of the second ground because Baumgartner has not demonstrated that the state court's ruling relating to her no contest plea was contrary to, or  involved an unreasonable application of, clearly established federal law.  Finally, the petition should not be granted on the basis of the third or fourth grounds because Baumgartner had the opportunity to receive a full and fair review of her Fourth Amendment claims, thus she is not eligible for habeas relief on those Fourth Amendment claims.

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.

Dated:   May 9, 2012                   /s/ Kenneth S. McHargh
                                        Kenneth S. McHargh
                                        United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's

order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).